**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOSEPH MATTHEW BORDERS,**

    **Petitioner,**

  vs.                               **Criminal Action 2:07-CR-86**
                                    **Civil Action 2:09-CV-616**
                                    **Judge Holschuh**
                                    **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

On May 29, 2007, petitioner entered guilty pleas to an Indictment charging him with distribution of cocaine in violation of 21 U.S.C. §§841(a)(1) [Count I]; using, carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(ii) [Count II]; possession of a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §5861(d) [Count III]; and forfeiture of seven (7) firearms in violation of 18 U.S.C. §924(d) [Count IV]. Petitioner was sentenced to terms of imprisonment and supervised release. *Judgment,* Doc. No. 56. Petitioner now challenges that conviction under 28 U.S.C. §2255, alleging that he was convicted under an unconstitutional statute, that his guilty pleas were not knowing, intelligent and voluntary, that he was denied the effective assistance of counsel, that he committed no criminal offense, and that the Indictment was fraudulently procured by the government and was facially insufficient to charge a crime. This matter is now before the Court on petitioner's motion for release on bail, pursuant to 18 U.S.C. §3143(b), pending resolution of his motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Doc. Nos. 86, 87.

Petitioner's motion invokes 18 U.S.C. §3143, which permits release on bail, under certain circumstances, during the direct appeal from a criminal conviction. The statute does not, on its face, apply to collateral attacks on a conviction under §2255. *Fonseca v. United States*, 129 F.2d 1096, 1098 (E.D. Mich. 2001). *But see Fountain v. United States*, 953 F.Supp. 836 (E.D. Mich. 1996).

Nevertheless, a habeas corpus petitioner may be released on bail during the pendency of the petition where the petitioner is "able to show not only a substantial claim of law based on the facts surrounding the petition, but also the existence of some circumstance making the motion exception and deserving of special treatment in the interests of justice." *Morgan v. United States*, 25 F.3d 1049, *1 (Table), 1994 WL 182141 (6th Cir. May 11, 1994) (citing *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Although petitioner insists that his motion to vacate under §2255 is meritorious, he offers no facts that would suggest the existence of "exceptional circumstances" that would deserve special treatment in the form of release on bail during the pendency of these proceedings.

Because petitioner has not carried his very difficult burden of establishing entitlement to release on bail during the pendency of his motion under §2255, it is **RECOMMENDED** that petitioner's motions for release on bail, Doc. Nos. 86, 87, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be

filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

April 7, 2010

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge