IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH BORDERS,**

        Petitioner,

  vs.                              Civil Action 2:09-CV-616
                                    Criminal Action 2:07-CR-86
                                    Judge Holschuh
                                    Magistrate Judge King

**UNITED STATES OF AMERICA,**

        Respondent.

## OPINION AND ORDER

      Petitioner, convicted on his guilty pleas to drug and gun related offenses, brings this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. That motion remains pending and will be resolved in due course. On April 2 and April 5, 2010, petitioner filed motions for release on bond pursuant to 18 U.S.C. §3143(b). Doc. Nos. 86, 87. On April 7, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's motions be denied. *Report and Recommendation,* Doc. No. 89. This matter is now before the Court on petitioner's objection to that *Report and Recommendation,* Doc. No. 90, and notice of supplemental authority, Doc. No. 92. The Court will consider the issues raised by the *Report and Recommendation* and petitioner's objections *de novo.* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

      As the Magistrate Judge noted, a habeas corpus petitioner may be released on bail if the petitioner "is able to show not only a substantial claim of law based on the facts surrounding the petition, but also the existence of some circumstance making the motion exceptional and deserving of special treatment in the interests of justice." *Morgan v. United States,* 25 F.3d 1049, *1 (table) 1994 WL 182141 (6th Cir. May 11, 1994)(citing *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990)). In recommending that petitioner's motions for release on bail be denied, the

Magistrate Judge reasoned that petitioner relied only on the alleged merit of the claims asserted by him in his motion to vacate, but offered no facts that would suggest the existence of the exceptional circumstances that would entitle him to release on bail during the pendency of these proceedings. *Report and Recommendation*, p. 2.

In his April 19, 2010 objection, Doc. No. 90, petitioner again merely reiterates his insistence that he was improperly convicted of the federal offenses for which he has been sentenced. As the Magistrate Judge noted, however, a challenge to the underlying convictions, even a meritorious challenge, is not alone sufficient to warrant the extraordinary remedy of release on bail. Petitioner's supplemental authority, filed in an apparent attempt to address this deficiency, refers to a complaint for custody of petitioner's son, filed by the child's grandmother and scheduled for hearing on June 1, 2010. *Exhibit*, attached to Doc. No. 92.

It does not appear that petitioner has ever had custody of this child. Moreover, the fact that incarceration impedes petitioner's ability to maintain contact with his son is a common, if unfortunate, incident of imprisonment shared by virtually every inmate; that fact alone does not, in this Court's opinion, qualify as an exceptional circumstance that would justify the extraordinary relief sought by petitioner in his motions for release on bond.[1]

Accordingly, the Court concludes that petitioner's objections to the *Report and Recommendation* are without merit. The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** Petitioner's motions for release on bond, Doc. Nos. 86, 87, are **DENIED.**

Date: April 30, 2010    **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court

---

[1] The Court also notes that, under Ohio law, petitioner appears to have the right to counsel at a custody proceeding. *See* O.R.C. §2151.352.