IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH MATTHEW BORDERS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action 2:13-cv-1093
Criminal No. 2:07-cv-0086
Judge Marbley
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner was originally convicted, on his guilty pleas entered pursuant to a plea agreement, of one count of distribution of cocaine in violation of 21 U.S.C. § 841, one count of using, carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924, and one count of possession of a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5861, 5871. *Judgment*, ECF 56. Petitioner originally challenged those convictions in an *Amended Petition* under 28 U.S.C. § 2255 filed on February 25, 2010. *Amended Petition*, ECF 79. The Court appointed counsel for Petitioner, *Order*, ECF 138; *Order*, ECF 140, and after conducting an evidentiary hearing on Petitioner's claim that he had been denied the effective assistance of counsel by reason of his attorney's failure to file an appeal, granted Petitioner's *Amended Petition* on that claim. *Order*, ECF 149. The original judgment was vacated and a new judgment was entered "so that petitioner's current attorney may file a notice of appeal on petitioner's behalf." *Id. See also Amended Judgment,* ECF 150. On April 18, 2013, the United States Court of Appeals for the Sixth Circuit affirmed this Court's *Amended Judgment*. *United States of*

*America v. Joseph Matthew Borders,* Case No. 12-4317 (6th Cir. Apr. 18, 2013); *Order*, ECF 157.

This matter is now before the Court on Petitioner's October 31, 2013 motion to vacate that judgment pursuant to 28 U.S.C. § 2255. *Motion to Vacate,* ECF 159.  The current *Motion to Vacate* asserts the following claims, repeated here *verbatim*:

1. Sentencing factor manipulation of the 1.6 grams powder cocaine charge 841a.  Defendant was not predisposed to sell cocaine.

2. All of the elements were not met in Count 2 18-924c the elements were – carrying, using, and brandishing a weapon the exact words of the Judge. . . were "they're (sic) was no brandishing of that weapon."

3. This case was the result from "fruit of the poisonous tree" if it wasn't for the agent coaxing the defendant into the 1.6 gram cocaine transaction there wouldn't of (sic) been an indictment.

*Motion to Vacate*, ECF 159.

Petitioner has been released from prison.  *See United States of America v. Joseph Matthew Borders,* Case No. 12-4317, PageID# 701; *Government's Response to Petitioner's Motion to Vacate Sentence,* ECF 161, PageID# 721; *Mail Returned as Undeliverable*, ECF 162. Indeed, it is not apparent that Petitioner intends to pursue this case. Moreover, the Court is unable to determine whether this action has been rendered moot in light of Petitioner's release from incarceration.  *See Maleng v. Cook*, 490 U.S. 488, 490 - 93 (1989)(citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968). In any event, the current *Motion to Vacate* plainly constitutes a successive petition.

A second or successive motion to vacate cannot proceed in a District Court unless the appropriate Court of Appeals certifies that the filing presents newly discovered evidence or a

new rule of constitutional law. 28 U.S.C. §§ 2255(h); 2244(b)(3)(A). A petitioner who intends to pursue a second or successive petition must first ask the Court of Appeals to authorize the District Court to consider the application. A District Court lacks jurisdiction to entertain a successive petition absent such authorization. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Petitioner has not, apparently, sought the required certification from the United States Court of Appeals for the Sixth Circuit.

The Sixth Circuit has described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization:

> [W]hen a prisoner has not sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C § 1631.

*In re Sims*, 111 F.3d at 47.

It is therefore **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, for authorization to pursue the current *Motion to Vacate*.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

October 16, 2014